UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, *PLAINTIFF,* | § § § § | |
| VS. | § § | Case No. 6:23-cv-00062 |
| SAN ANGELO POLICE DEPARTMENT, TOM GREEN COUNTY JAIL, SGT JOHN DAVID BOULIGNY, OFFICER ADRIAN E. HARDY, DEPUTY DOES 1-4 AND NURSE DOE *DEFENDANTS,* | § § § § § § § § § | Jury Demand |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE SAM R. CUMMINGS:**

Plaintiff, Charles F. Mitchell files this First Amended Complaint[1] against Defendants, Tom Green County, Sheriff J. Nick Hanna, Deputy Does 1-4 and Nurse Doe, (collectively "Defendants"), and in support thereof show as follows:

### I INTRODUCTION

1. Charles Mitchell was transported to Tom Green County Jail by officers Bouligny and Hardy where he was detained for several hours and tased repeatedly by several officers.

---

[1] It is well settled that a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. The Rule 12(c) Motion is premature since the pleadings are not closed and amendment of the pleading is allowed as a matter of course.

2. Mr. Mitchell suffered extensive injuries at the hands of Deputy jailers Doe 1-2, while Deputy jailers Doe 3-4 failed to intervene to stop the actions of Deputy jailers Doe 1-2.

3. His injuries were documented by the attending hospital emergency room physician after he was released from custody. While in custody, Mr. Mitchell requested an attorney as was denied by the jail sergeant.

4. Following these statements, Mr. Mitchell's request was refused, they placed him in a restraint chair within a cell by himself in the Tom Green County Jail.

5. Mr. Mitchell was the sole person in custody within the cell. There were four officers present, they began to punch, strike and taser him.

6. There was also a nurse present who advised the officers that they "could not do that" and further advised the jailers that Mr. Mitchell suffered from various medical conditions, including congestive heart failure.

7. Mr. Mitchell endured hours of torture inflicted upon him by the officers. After a family called to check his status within the jail.

8. Mr. Mitchell was released and he was taken to the area emergency room and admitted where he remained for nearly a week.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' federal claims, under 28 U.S.C.1331 and 2201, 42 U.S.C 1983 and 1988, and the Fourth and Fourteenth

Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C.1367(a), to hear Plaintiff's state law claims if any remain.

10. Venue is proper in this Court under 28 U.S.C.1391(b) because the incidents at issue took place in Tom Green County, Texas, within the United States Northern District of Texas.

11. This suit arises from the unlawful use of force against Mr. Charles Mitchell.

### III. PARTIES

12. Plaintiff, Charles Mitchell, a citizen with full rights under the United States Constitution.

13. Defendant, Tom Green County, a municipality and state actor acting under the color of law.

14. Defendant, Sheriff J. Nick Hanna, sued in his individual and official capacities as policymaker and state actor acting under the color of law.

15. Defendants, Tom Green County Jailers Doe 1-4, as state actors acting under the color of law

### IV. ADDITIONAL FACTS

16. On September 18, 2021. San Angelo police department arrested and placed in custody on an allegation of Public Intoxication, the case was later dismissed.

17. He was transported to the Tom Green County Jail. After arriving, he asked

jailers for an attorney and was told "you don't get an attorney in this county."

18. He has a heart condition that is documented and well known to Tom Green County.

19. Tom Green County held Mr. Mitchell was in jail in the past for an extended period of time and during that time he required special equipment for his heart condition for the months he was in custody.

20. Despite Mr. Mitchell's well documented heart health history, the jailers chose to taser him in the back while in the holding area.

21. He had not disregarded any lawful orders nor was he a threat of harm to the deputies or anyone and was not engaged in any resistant behavior to warrant the use of a taser against him.

22. Once the jailer was shocked Mr. Mitchell with the taser stun gun, Mr. Mitchell collapsed to the floor. Mr. Mitchell was left incapacitated.

23. He next recalls a Nurse coming over to where he collapsed and advised officers to get him off the floor and reminded them of his heart condition.

24. The jailers took him off the floor and placed him in a restraint chair and tased several additional times.

25. He was punched, striked, and his glasses crushed against his face, causing a permanent eye injury.

26. The nurse walked away shaking her head but did nothing more to stop the attack or provide medical aid.

27. Mr. Mitchell begged for medical assistance several times, but never received it. One deputy grabbed a dirty towel from the floor and wiped the blood off of Mr. Mitchell's face.

28. He was not given his right to a phone call until 10 hours had passed. After the long awaited call, Mr. Mitchell's family members continued to call and check on his status.

29. He was released, picked up from jail and his brother immediately took to Shannon Medical Center after seeing his injuries.



30. After he was checked out at Shannon Medical Center's walk in clinic he was taken to the emergency room.

31. The hospital staff called the Tom Green County's Sheriff's Office and reported their assault.



32. The staff was so horrified they took pictures of injuries.

33. His injuries were documented as Injuries to injury to neck, back, shoulder, and eye, also complications of heart condition, he suffers from myocarditis, extensive pain from skin burns from multiple tasing.

## V. CLAIMS

*42 U.S.C. § 1983 Fourth and Fourteenth Amendments*

34. Tom Green County, Sgt John David Bouligny, Officer Adrian E Hardy, Deputy Does 1-4 and Nurse Doe, are liable for Mr. Mitchell injuries for violating his

Fourth Amendment Constitutional right to be free from unreasonable seizure, pursuant to 42 U.S.C. § 1983.

35. Defendants Deputies 1-4 violated Mr. Mitchell's clearly established constitutional rights, and their conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident, as state actors, while acting under the color of law.

36. Nurse Doeh failed to intervene to stop the officers from their attack of Mr Mitchell, nor did she report the incident.

37. Additionally, Deputies 3-4 also watched while the unconstitutional use of force occurred by the other Officer/Deputy. He did nothing to intervene, although he had the opportunity .

*Monell Claim and Ratification*

38. Plaintiff incorporates by reference all paragraphs contained herein.

39. Sheriff Nick Hanna is a state actor and the relevant policymaker for Tom Green County, as the Sheriff.

40. Mr. Mitchell's rights to be free from unreasonable seizure were violated because the Sheriff promoted, adopted, and promulgated a policy or custom of allowing his jail deputies to use unreasonable excessive force against citizens in custody such as Mr. Mitchell. Additionally, Sheriff Hanna failed to train on the required medical treatment after the unreasonable use of force that resulted in an injury

severe enough that Mr. Mitchell was hospitalized as a result of the injuries by the Tom Green jailers.

41. Sheriff Nick Hanna violated Mr. Mitchell's right to be free from unreasonable seizure because he promoted, adopted, and promulgated a policy or custom of allowing his arresting Deputies to unlawfully use force on his deputies inadequate training and supervision.

42. Sheriff Hanna failed to supervise his deputies and allowed them to take Mr. Mitchell in a secluded room, strap him to a restrain chair and torture him.

43. There was no discipline of the deputies after their malicious and sadistic actions thus Hanna and Tom Green County thereby ratified the actions of the jailers against Mr. Mitchelle.

44. Tom Green County, Deputies 1-4 deliberately violated Mr. Mitchell's civil rights under the color of law through an unreasonable seizure against him.

45. Defendants were sufficiently aware that Sheriff's supervision and training policies were defective, incomplete, or routinely ignored by its Deputies (at least to the extent that they facilitated, permitted, and encouraged the unreasonable seizure against Mr. Mitchell and other individuals, based on their unreasonable and and unlawful use of force)

46. Sheriff Nick Hanna is liable for enacting and enforcing policies, procedures, or customs of ignoring apparent constitutional violations, namely unreasonable

seizures during illegal detention and arrests of innocent individuals not accused or suspected of any crimes.

47. Sheriff Hanna failed to train the officers on the constitutional limits in the use of force under the Fourth amendment.

48. Mr. Mitchell had a right to due process of the law.

49. Deputies 1-4 violated Mr. Mitchell's right to due process when Mitchell was attacked without warning and tortured for no reason.

*Failure to Train, Supervise, and Discipline by the Tom Green County and Sheriff Policymakers*

50. Sheriff Hanna, his predecessor, County Commissioners as policymakers and Tom Green County failed to properly hire, train, supervise or investigate the conduct of its officers.

51. There was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, Deputies, and employees; there was a culture of silence, concealment, and tolerance of such conduct, and there was a failure to train, resulting in unreasonable force and an unlawful detainment.

52. The claims against Sheriff Nick Hanna and Tom Green County are not respondeat superior claims but rather based on their personal involvement in implementing and promoting the unconstitutional practices within Tom Green County.

53. As stated above, the Sheriff Nick Hanna's wrongful conduct of failing to train his Deputies on the constitutional limits involved in the use of excessive force and the denial of medical care the failure to train resulted in the highly predictable consequence suffered by Mr. Mitchell and shows a sufficient causal connection exists between it and the constitutional violation suffered by Mr. Mitchell.

54. *Retaliation*

55. Tom County deputies retaliated against Mr Mitchell for exercising his constitutional right to an attorney under the sixth amendment in addition to exercising his right to remain silent under the 5th amendment as a result of him exercising his right he was restrained to a chair and physically beaten by officers.

*Violation of the American With Disabilities and Rehabilitation Act*

56. Tom Green County violated Mr Mitchell's rights under the ADA and RA as Tom Green County receives federal funding and is subject to the ADA and RA limits. After being made aware that he had a known disability and discriminated against him as a result and failed to reasonably accommodate him by refraining from the conduct that further agitated his disability of a chronic heart condition .

## VI. DAMAGES

57. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. The damages sustained by Plaintiff were proximately caused by the Defendants as set forth herein. Plaintiff requests damages within the jurisdictional limits of the Court including:

a. Physical pain and mental anguish;

b. Loss of earning capacity and lost wages;

c. Disfigurement;



d. Physical impairment;

e. Medical care expenses;

f. Out-of-pocket economic losses.

g. Plaintiff's reasonable and necessary attorneys' fees pursuant to 42 USC 1988;

h. Costs of court;

i. Pre-judgment and post-judgment interest at the highest rates allowable by law;

j. Injunctive relief under the Texas Constitution against Defendants barring the use of body slams and taser guns in non-threatening situations; and

k. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

58. Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

59. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## VII. ATTORNEYS FEES

60. After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorneys fees and costs to enforce his constitutional rights under the ADA, 42 U.S.C. § 1983 and 1988 from Defendants.

## VIII. TOLLING

61. Plaintiff alleges tolling applies in this case based on the failure to disclose and concealment of the tortfeasors deputies and actors engaged in the unlawful conduct against Mr. Mitchell.

## IX. PRAYER

62. Plaintiff prays that he has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/U.A. Lewis
Lewis Lewis Law Group
U.A. Lewis
Texas Bar No. 24076511
Federal Bar Number 1645666
PO BOX 27353
Houston, TX 77227
T(713) 570-6555
F (713) 581-1017
Attorney for Plaintiff
myattorneyatlaw@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been duly sent to all counsel of record in this case by email, e-service, and/or facsimile on this 6th day of February, 2023.

*/s/ Terry Henderson Peden*
*Terry Henderson Peden*